[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #139
The plaintiff filed an amended two-count complaint against Ariens Co. and JB Sales and Service, Inc. on June 9, 1994, alleging products liability pursuant to General Statutes § 52-572n
et seq. based on an accident involving a snow blower. The court granted the Westport Board of Education's motion to intervene as plaintiff on December 5, 1994. The defendant, JB Sales Co., filed a motion for summary judgment, a memorandum of law, and an affidavit and exhibits on April 27, 1995. The plaintiff, Gonzalez, filed an objection on October 26, 1995. The plaintiff also filed a request for leave of the court to amend its complaint to add a third count against JB Sales and Service Co. in negligence. JB Sales and Service filed an objection for plaintiff's request for leave to amend on October 26, 1995. Because the court has not yet ruled on the motion to amend, and summary judgment motion is directed to the second amended complaint, the court will decide the summary judgment as to the second amended complaint.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book CT Page 534 § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995).
JB Sales and Service argues that summary judgment must be granted because JB Sales and Service was not a product seller under 52-572m et seq. but only repaired the snow blower and therefore cannot be held liable under the statute. JB Sales and Service provided an affidavit from its president and treasurer which states that the defendant does not distribute, market, sell, lease or bail the product in question, but did service the snow blower in 1992.
Gonzalez first argues that the affidavit is insufficient in that it is from the president of JB Sales, not JB Sales and Service. However, JB Sales and Service cured this defect by subsequently providing the court with an affidavit from the president of JB Sales and Service.
Gonzalez next argues that JB Sales and Service cannot claim they are not engaged in the sale of a product because the leading case, Zichichi v. Middlesex Memorial Hospital, 24 Conn. 399,528 A.2d 805 (1987) relied on statutory authority in its holding that a blood transfusion was not a sale of a product but a service within the meaning of the product liability act.
To bring an action under the product liability act the defendant must be a product seller, "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption . . . [or] lessors or bailors of products who are engaged in the business of leasing or bailment of products." General Statutes § 52-572m(a). "Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." Zichichi v. Middlesex Memorial Hospital, supra, 204 Conn. 403; Rodia v. Tesco Corporation, 11 Conn. App. 391,397 (a repairer cannot be held liable under a product liability claim "where the repairer is not the product seller and, therefore, did not put the product into the stream of commerce"); CT Page 535Palmieri v. Hi-Way Campers Inc., Superior Court, Judicial District of New Haven, Docket No. 349111 (February 28, 1995, Gray, J.). Put another way, any "claims addressed to negligent repairs and service performed after the product was placed in the stream of commerce are not covered — and hence not barred — by the [product liability statute.]" American National Fire Insurance Co. v. A. Secondino Sons, 832 F. Sup. 40, 42 (D.Conn. 1993).
The courts are clear that repairs are not covered by the products liability act, and therefore a claim against Gonzalez under 52-572m et seq. cannot be maintained. Gonzalez has not provided the court with any evidence, affidavit or otherwise, to refute JB Sales and Services' evidence that JB Sales and Service only provided repair services for the snow blower. Accordingly, there is no genuine issue of material fact and the second amended complaint is dismissed as to JB Sales and Service.
KARAZIN, J.